IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**Hattie Lowe, et al.**                                                                                    **PLAINTIFFS**

**VS.**                                              **CIV. AC. No. 4:09-CV-0073-P-S**

**South Delta Regional Housing Authority and**
**Ms. A. J. Jefferson**                                                                **DEFENDANTS**

## ORDER

This matter is before the court on motion of the plaintiffs to hold the defense in contempt (#17). This motion arises out of an agreed order (#12), entered on August 3, 2009, in which the court, by agreement of the parties, stated that "no eviction action for the non-payment of the additional amount of the rent increases, scheduled for August 1, 2009, shall be initiated." Plaintiffs base their contempt motion on the subsequent eviction notices mailed on August 8, 2009 by Property Manager Angela Brady.

As stated in the present motion, plaintiffs' counsel contacted defense counsel by noon the day the notices were received and was informed the letters were a mistake. In its response, the defense states that the notices were inadvertently sent in the normal course of business. As evidence, the defense provided the signed affidavit of Manager Angela Bradley, stating that the adjusted rent amounts were put into defendant's computer program prior to filing of this lawsuit, and that the mistake has been corrected.

Plaintiffs, citing *Whitcraft v. Brown*, 570 F.3d 268, 271 (5th Cir. 2009), argue that a movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order. The court in *Whitcraft* also held there was clear and convincing evidence that the parties in contempt *knowingly* aided and abetted the defendant in violating the court order. The court repeatedly emphasizes active and knowing failure to comply.

*Id.* at 271-273.

Based on the present Motion, Response and their attached exhibits, the court finds no knowing or intentional violation of the district court's Order. This appears to be an oversight, of which plaintiffs' counsel was immediately informed.

IT IS, THEREFORE, ORDERED that the plaintiff's motion for Contempt is hereby DENIED.

This, the 3rd day of September 2009.

    /s/ David A. Sanders
    UNITED STATES MAGISTRATE JUDGE