# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**HATTIE LOWE, et al**                                                                           **PLAINTIFFS**

**VERSUS**                                                          **CIVIL ACTION NO. 4:09CV73-P-S**

**SOUTH DELTA REGIONAL HOUSING**
**AUTHORITY AND MS. A.J. JEFFERSON**                                          **DEFENDANTS**

## ORDER

This cause is before the Court on the plaintiffs' Motion for Preliminary Injunction [2]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to-wit:

## FINDINGS OF FACT[1]

1. South Delta Regional Housing Authority ("SDRHA") is a public body politic established under the Mississippi Housing Authorities Law, Miss. Code Ann. § 43-33-1 et seq. It serves the counties of Bolivar, Sunflower, Washington, Humphreys, Sharkey, and Isaquena.

2. All of the plaintiffs herein lease their homes from SDRHA in single family dwellings located in Cleveland, Belzoni, Indianola, Rolling Fork, Rosedale, and Hollandale, Mississippi (the "non-HUD program").

3. SDRHA hired Ann Jefferson as its Executive Director at the end of 2006. Upon assuming her responsibilities, Jefferson discovered the rental program to be "in total

---

[1] The factual findings set forth herein are limited to those necessary to resolution of the Motion for Preliminary Injunction.

chaos." She found that the program was operating at a deficit and determined that a rental increase was necessary to ensure the survival of the program.[2]

4. SDRHA held mandatory tenant meetings at each of the developments between 2007-09; according to the testimony of Ann Jefferson, SDRHA's Executive Director, tenants were informed at the meetings that a rental increase would be necessary. Tenants were not informed of the amount of the proposed increase during said meetings.

5. Jefferson, with the assistance of her staff, engaged in an assessment to determine appropriate rental rates. That assessment included an analysis of client files. Jefferson and her staff determined that existing tenants could afford the proposed rent increases so long as they were housed in an appropriate-sized unit.

6. South Delta's Board of Commissioners does not require board approval to adjust rental rates for the non-HUD homes, so long as they are maintained at a level below the published HUD rates. The proposed increase in rent is well below the published HUD rental rates for one through five bedroom homes.[3]

7. On June 5, 2009, SDRHA sent notices to all of the plaintiffs informing them that their rent would increase August 1, 2009. There was no hearing or opportunity to

---

[2] According to Jefferson's testimony, there had been no increase in rent for ten years.

[3] The new rent schedule provided as follows: Rent for a one-bedroom home increased from $60.00 per month to $240.00 per month; rent for a two-bedroom home increased from $120.00 per month to $320.00 per month; rent for a three-bedroom home increased from $180.00 per month to $430.00 per month; rent for a four-bedroom home increased from $230.00 per month to $520.00 per month; and rent for a five-bedroom home increased from $300.00 per month to $640.00 per month.

be heard before SDRHA's Board of Commissioners or the Executive Director of SDRHA prior to the rent increase being imposed.

## CONCLUSIONS OF LAW

1. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a) because the claims arise under the laws of the United States, to include the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and because plaintiffs seek damages, as well as declaratory, injunctive and equitable relief. This Court also has jurisdiction over plaintiffs' pendent state law claims pursuant to 28 U.S.C. § 1367.

2. In order to prevail on a motion for preliminary injunction, the moving party must make a clear showing as to four elements: 1) a substantial likelihood of success on the merits; 2) a substantial threat of irreparable harm if the injunction is not granted; 3) the threatened injury to the plaintiff outweighs the threatened harm the injunction may do to defendant; and 4) granting the preliminary injunction will not disserve the public interest. Canal Authority of the State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." Lake Charles Diesel, Inc. v. General Motors Corp., 328 F.3d 192, 195-96 (5th Cir. 2003).

3. Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983.

4. The Fourteenth Amendment to the Constitution provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, amend. XIV,§ 1.

5. The requirements of procedural due process, e.g., reasonable notice and an opportunity to be heard, apply only to the deprivation of interests in liberty or property. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S. Ct. 2701, 33 L.Ed.2d 548 (1972). "Property interests protected by procedural due process extend well beyond actual ownership of real estate, chattels, or money." Id. at 572. However, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.." Id. at 577. "Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law–rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id.

6. Pursuant to Mississippi's Housing Authorities Law, Miss. Code Ann. § 43-33-1 et seq., a housing authority has the power "to lease or rent any dwellings, houses, accommodations, lands, buildings, structures or facilities embraced in any house project and (subject to the limitations contained in this article) to establish and revise the rents or charges therefor . . . ." Miss. Code Ann. § 43-33-11(d). According to Miss. Code Ann. § 43-33-13, "each housing authority shall manage and operate its housing projects in an efficient manner so as to enable it to fix the rentals for

dwelling accommodations at the lowest possible rates consistent with its providing decent, safe and sanitary dwelling accommodations and that no housing authority shall construct or operate any such project for profit, or as a source of revenue to the city of the county. To this end an authority shall fix the rentals for dwellings in its projects at no higher rates than it shall find to be necessary in order to produce revenues which . . . will be sufficient (a) to pay, as the same become due, the principal and interest on the bonds of the authority; (b) to meet the cost of, and to provide for, maintaining and operating the projects (including the cost of any insurance) and the administrative expenses of the authority; and (c) to create . . . a reserve sufficient to meet the largest principal and interest payments which will be due on such bonds in any one year thereafter and to maintain such reserve." Id. Furthermore, Miss. Code Ann. § 43-33-15 provides that "an authority shall at all times observe the following duties with respect to rentals and tenant selection: (a) It may rent or lease the dwelling accommodations therein only to persons of low income and at rentals within the financial reach of such persons of low income." Id. Lastly, Miss. Code Ann. § 43-33-7 permits an authority "to delegate to one or more of its agents or employees such powers or duties as it may deem proper." Id.

7. Nothing in the foregoing statutes supports a claim of entitlement sufficient to trigger the procedural due process protections of the Fourteenth Amendment prior to the imposition of an increase in rental rates. Certainly, neither § 43-33-11(d) nor § 43-33-13 can be reasonably construed to impose a duty on SDRHA to extend tenants an opportunity to participate in the necessary determination under the latter statutory

5

provision (which is, in essence, the right advanced by plaintiffs). Likewise, Miss. Code Ann. § 43-33-15(c) does not impose a mandatory ceiling on collectible rent;[4] hence the plaintiffs' reliance on Wright v. City of Roanoke Redevelopment and Housing Authority, 479 U.S. 418, 107 S. Ct. 766, 93 L.Ed.2d 781 (1987), is misplaced. Lastly, Miss. Code Ann. § 43-33-7 permits SDRHA to delegate its right to revise the rental rates (subject to the limitations set forth in Miss. Code Ann. § 43-33-13) to its Executive Director.

8. Because the plaintiffs cannot establish a cognizable property right, they are not entitled to invoke the protections of procedural due process afforded by the Fourteenth Amendment. Since plaintiffs cannot establish a deprivation of rights under the Constitution, they are unlikely to prevail on their § 1983 claim.[5] Hence, they cannot establish the first of the prerequisites for the issuance of a preliminary injunction.[6][7] Accordingly, the Court is without authority to grant the requested relief.

---

[4] Instead, subsection (c) is designed only to establish a limitation on prospective and/or existing tenants' eligibility for rental of low-income dwellings.

[5] Although the Amended Complaint asserts the violation of several other federal statutes, the plaintiffs did not base their request for an injunction on their likelihood of prevailing thereunder.

[6] The Court expressly finds that the latter three elements weigh in favor of the plaintiffs.

[7] Although plaintiffs also advanced the argument that defendants failed to comply with the notice provisions contained in the lease, the evidence of record establishes a significant conflict regarding the type of notice required under the lease agreements to the individual plaintiffs. At this juncture, it is impossible to determine which plaintiffs were entitled to notice by certified mail. Absent such a showing, the Court finds its impossible to conclude that each of the plaintiff would prevail on a breach of contract claim.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiffs' Motion for Preliminary Injunction [2] is not well-taken and should be, and hereby is, DENIED. IT IS FURTHER ORDERED that the defendant, SDRHA, may implement its proposed rent increase effective November 1, 2009.

SO ORDERED, this the 9th day of October, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE